IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 23-cv-01323-RM-KAS

ACE ROOFING & CONSTRUCTION, INC., a Colorado corporation,

    Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,

    Defendant.

---

**ORDER**

---

This insurance case is before the Court on Defendant's Motion for Summary Judgment (ECF No. 52) and Plaintiff's Motion to Dismiss (ECF No. 54). Having considered the briefs (ECF Nos. 55, 57, 59) and the parties' positions, the Court grants Defendant's Motion for the reasons below.

**I.     BACKGROUND**

The relevant facts are not disputed. Plaintiff, a roofing contractor, contracted with Stanton Farms Townhomes Homeowners Association to repair hail damage to the roofs of 42 of its members' homes. (ECF No. 58, ¶ 16.) Defendant, Stanton Farms' insurer, was not a party to the contract. (*Id.* at ¶ 17.) Pursuant to the contract, the cost of the project was $1,857,584.74, plus any change orders approved in writing by Stanton Farms and Defendant. (*Id.* at ¶¶ 18, 20.) No change orders were approved by Stanton Farms or Defendant. (*Id.* at ¶¶ 22, 23.) Stanton Farms paid Plaintiff the contract amount for its work on the project. (*Id.* at ¶¶ 26, 28.)

Plaintiff filed this lawsuit in state court, claiming that Defendant owes it $1.2 million for repair work it performed and asserting claims for breach of contract and statutory bad faith.  (*Id.* at ¶ 35; ECF No. 4, ¶¶ 54-72.)  Defendant removed the case to this Court and filed its Motion for Summary Judgment, arguing that both Plaintiff's claims fail as a matter of law.  Plaintiff states that it does not contest Defendant's Motion but has also filed its own Motion to Dismiss, seeking dismissal of the case with prejudice and with each party paying its own costs and fees.  (ECF No. 55 at 3.)

## II.   LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018).  Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor.  *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013).  However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact."  *Scott v. Harris*, 550 U.S. 372, 380 (2007).

"The substantive law of the case determines which facts are material."  *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997).  A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Whether there is a genuine dispute as to a material fact

depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Id.* at 251-52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

Where the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment bears the initial burden of showing an absence of any issues of material fact. *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 994 (10th Cir. 2019). If the moving party demonstrates that the nonmoving party's evidence is insufficient to establish an essential element of his claim, the burden shifts to it to set forth specific facts showing that there is a genuine issue for trial. *See id.* If it fails to make a showing sufficient to establish the existence of an element, summary judgment must be entered in favor of the moving party. *See id.*

### III.   ANALYSIS

In its Motion, Defendant argues, persuasively, that Plaintiff does not have standing to bring a breach of contract claim based on Stanton Farms' policy with Defendant because it is not a party to the policy, an assignee of Stanton Farms' rights under the policy, or an intended beneficiary of the policy. Plaintiff presents no evidence or argument to the contrary. And even if it had standing, Plaintiff presents no evidence or argument refuting Defendant's assertion that its breach of contract claim would not be barred by the policy's two-year suit limitation provision.

Regarding Plaintiff's statutory bad faith claim, Defendant argues that Plaintiff is not a first-party claimant seeking benefits on behalf of Stanton Farms and that in fact no benefits are owed by Defendant. Plaintiff presents no evidence or argument demonstrating that a genuine

dispute of material fact exists as to these issues or that Defendant acted unreasonably in handling Stanton Farms' claim.

Although both parties now seek dismissal of Plaintiff's claims, the briefing on Defendant's Motion provides a more robust basis for disposing of this case. On the record presented, the Court finds Defendant is entitled to summary judgment on both Plaintiff's claims.

## IV.   CONCLUSION

Therefore, Defendant's Motion for Summary Judgment (ECF No. 52) is GRANTED, Plaintiff's Motion to Dismiss (ECF No. 54) and Defendant's pending Motion to Exclude (ECF No. 48) are DENIED AS MOOT, and the Clerk is directed to CLOSE this case.

DATED this 13th day of May, 2025.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge